# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF B&J, INC., AS OWNER AND OPERATOR, OF MOTOR VESSEL ZOIE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | C. A.: <br><br> JUDGE: <br><br> MAGISTRATE: |

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW INTO COURT, through undersigned counsel, comes B&J, Inc., as owner and operator of M/V ZOIE (hereinafter referred to as "B&J"), who brings this Complaint in Admiralty pursuant to 46 U.S.C. §30501, *et seq.* and represents onto this Honorable Court as follows:

I.

### JURISDICTION

This is a claim in admiralty and maritime jurisdiction, and is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) of the Federal Rules of Civil procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. This Court has jurisdiction pursuant to 28 U.S.C. §1333.

II.

### VENUE

Venue is proper in the United States District Court for the Western District of Louisiana pursuant to Rule F (9) of the Supplemental Rules for Certain Admiralty and Maritime Claims since the M/V ZOIE has not been attached or arrested in connection with any claim to which B&J seeks to limit its liability, and since the incident alleged to have occurred in the present

case occurred on navigable waters in Calcasieu and/or Cameron Parishes, Louisiana, located within the Western District of Louisiana.

III.

At all times pertinent hereto, B&J was the owner and operator of the M/V ZOIE.

IV.

M/V ZOIE was built in 1974 and is a 49 foot long steel hull towing vessel bearing Official Number 558543 properly documented with the U.S. Coast Guard

V.

M/V ZOIE was, at all times herein mentioned, in all respects seaworthy and was properly and efficiently manned, supplied, equipped and furnished and was fitted and supplied with suitable machinery and equipment, all in good order and condition and suitable for the business and operation in which it was and is engaged. B&J had, at all times prior to the commencement of the voyage of the vessel mentioned herein, and at all times prior and subsequent thereto, exercised due diligence to make the vessel in all respects seaworthy.

VI.

From December 27, 2019 until December 28, 2019, M/V ZOIE with her tow consisting of barges DH 9532 and M 868 were located in the navigable waters of the Calcasieu River from Vinton, Louisiana to Cameron, Louisiana.

VII.

On or about January 2, 2020, it is alleged that one or both of barges DH 9532 and M 868 began to list and take on water resulting in the loss of a cargo consisting of concrete pilings and causing damages to both barges and allegedly to a derrick barge in their vicinity identified as the SEATTLE. This taking on of water in the barges, the loss of the cargo, damage to the barges and/or the derrick barge were all caused without fault, negligence and/or unseaworthiness of the

M/V ZOIE or her crew. Hereinafter, this sinking of the two barges, loss of cargo and any resultant damage on or about January 2, 2020 may be referred to as the "occurrence".

VIII.

The cause or causes of the January 2, 2020 occurrence and any claims which have been or may be made in the future against B&J and/or M/V ZOIE, her owners, operators, master, crew or underwriters and all other damages in any manner arising out of the January 2, 2020 occurrence were occasioned or occurred without the privity or knowledge of B&J, their officers or managing agents, at or prior to the time of the commencement of the voyage on December 27 to 28, 2019 and/or the January 2, 2020 occurrence.

IX.

As a result of the January 2, 2020 occurrence, it is alleged and understood that certain damages occurred to the barges DH 9532 and M 868, the cargo of the concrete pilings and the derrick barge SEATTLE.

X.

At the time of the voyage in December 2019 and the January 2, 2020 occurrence, B&J was the owner and operator of the M/V ZOIE and its appurtenant equipment. The value of M/V ZOIE and its equipment and freights pending immediately following the occurrence on January 2, 2020 was ONE HUNDRED EIGHTY-THREE THOUSAND EIGHT HUNDRED AND N0/100 ($183,800) DOLLARS, as evidenced by the attached Affidavits of Value executed by Brenda Boudreaux, Secretary/Treasurer of B&J, and Howard Held, Marine Surveyor. The amount of aggregate value of M/V ZOIE, her equipment and pending freights, is less than the amount expected to be sought by any claimants as a result of this occurrence of January 2, 2020.

XI.

The voyage of the M/V ZOIE, on which the anticipated demands of claimants will now be sought to be defeated by way of exoneration or, in the alternative, limited to the value of the vessel and its freights then pending, commenced on December 27, 2019 and ended on the date of December 28, 2019.

XII.

Complainant in Limitation and/or Exoneration, B&J, claims the benefit of the provisions of the Shipowners Liability Act, 46 U.S.C. §§30501- 30512, and the Acts amendatory thereto; and in this proceeding, by reason of the facts and circumstances set forth above, Complainant, B&J, further desires to contest its liability and the liability of the M/V ZOIE, its appurtenances, equipment, and its crew to any extent whatsoever for any and all loss, destruction, damages, injuries and/or deaths sustained by others allegedly caused or resulting from the aforesaid December 27 to 28, 2019 voyage and the January 2, 2020 occurrence. At all times pertinent hereto, B&J submits it is entitled to a decree exonerating it from any and all fault or liability. In the alternative, if B&J is found to be liable, which is specifically denied, then its liability to known and/or unknown claimants with respect to the aforesaid December 27 to 28, 2019 voyage and the January 2, 2020 occurrence should be limited to the value of M/V ZOIE and her pending freight as of January 2, 2020. To that end, and in accordance with 46 U.S.C. §30501, B&J deposits with this Honorable Court security in the form of a Letter of Undertaking in the amount of ONE HUNDRED EIGHTY-THREE THOUSAND EIGHT HUNDRED AND N0/100 ($183,800) DOLLARS, plus interest at the rate of 6% per annum from date of security, plus costs, as required by Rule F for the Supplemental Rules of Certain Admiralty and Maritime Claims.

XIII.

B&J submits that the correct amount of the Letter of Undertaking should be the sum of ONE HUNDRED EIGHTY-THREE THOUSAND EIGHT HUNDRED AND N0/100 ($183,800) DOLLARS, which B&J has properly and contemporaneously filed herewith, with interest at the rate of 6% per annum from the date of said stipulation, and for costs; in addition thereto, B&J is prepared to give security in the form of a Letter of Undertaking or stipulation for any amount in excess of the Ad Interim Stipulation as may be ascertained or determined to be necessary by orders of this Honorable Court, and us provided by the laws of the United States and the Federal Rules of Civil Procedure, such as based upon subsequent re-appraisement as deemed necessary by this Court, or pursuant to the order of this Court after due notice and hearing, granting any claimants' motion to increase security.

XIV.

Not more than six (6) months have elapsed since the January 2, 2020 occurrence.

XV.

The foregoing allegations are true to the best of the undersigned counsel's knowledge, information and belief.

WHEREFORE, PREMISES CONSIDERED, Complainant, B&J, Inc., prays:

1. That upon the filing of the Ad Interim Stipulation herein described, this Court shall issue Notice to all persons, firms, or corporations who may or might assert claims for any and all losses, damages injuries and/or deaths arising from or relating to the December 27 to 28, 2019 voyage and the January 2, 2020 occurrence described in this Complaint, with respect to which Complainant, B&J, Inc., seeks exoneration from or limitation of any and all liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for B&J, Inc. a copy thereof on or before the date specified in the Notice that will be

issued by this Court;

2. That upon the filing of the Stipulation herein described, the Court shall issue an injunction restraining the commencement or prosecution of any other action or proceeding of any kind in any other court against the Complainant, B&J, Inc., or any of their property or their insurers with respect to any and all claims arising out of the December 27 to 28, 2019 voyage and the January 2, 2020 occurrence and any losses, damages, injuries and/or deaths relating to or connected with the occurrence described in this Complaint;

3. That this Court adjudge that B&J, Inc. and the M/V ZOIE, her owners, operators, master, crew and insurers are not liable to any extent whatsoever for any loss, injury, death, expense, damage or claim in any way which was occasioned, or incurred, as a result of the December 27 to 28, 2019 voyage and the January 2, 2020 occurrence described in this Complain; or, in the alternative, should the Court adjudge that Complainant, B&J, Inc., is in any way liable in any amount whatsoever, that said liability be limited to the value of Complainant's interest in the M/V ZOIE and its pending freights, and that they be divided pro-rata among such claimants; and that a Judgment be entered, discharging B&J, Inc. and the M/V ZOIE of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against B&J, Inc. or their property in consequence of or connected with the matters and happenings referred to in this Complaint;

4. That B&J, Inc. have such other and further relief as justice may require and this Court may be competent to grant.

Respectfully submitted:

*/s/ William B. Schwartz*_____
William B. Schwartz , T. A. (#11854)
Jill S. Willhofth (#28990)
Baldwin Haspel Burke & Mayer, LLC
3600 Energy Center
1100 Poydras Street
New Orleans, LA  70163-3600
Tel:     504-569-2900
Fax:    504-569-2099
E-mail:        wschwartz@bhbmlaw.com
               jwillhoft@bhbmlaw.com

Attorneys for B&J, Inc. and M/V ZOIE