UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF B & J INC, AS OWNER AND OPERATOR OF MOTOR VESSEL ZOIE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | : : : | CIVIL ACTION NO. 2:20-cv-00686 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| MARMAC, LLC, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the question of whether written statements by the M/V Zoie's crew members are privileged. For the following reasons, we find that the statements are not privileged and thus, are producible.

### I.
#### BACKGROUND

There is an ongoing dispute in this matter concerning written statements of crew members of the M/V Zoie. Both DP Concrete Products LLC and McDonough Marine Services (collectively, "DP") and Kiewit Louisiana Co. previously sought, via discovery, any statements from the M/V Zoie's crew, but B&J said no such statements existed. However, B&J listed crew statements as exhibits in its Pre-Trial Statement. *See* doc. 127, p. 1 (Kiewit's Objection to B&J's Pre-Trial Statement because of the inclusion of previously unproduced crew member statements). Both DP and Kiewit informally sought production of the statements, but B&J refused. This dispute came to our attention by an email exchange involving counsel for all parties. We held a Magistrate Judge Telephone Conference where counsel for B&J admitted that they took statements from the

crew but did not previously disclose said statements. Doc. 133.  We ordered B&J to immediately provide a privilege log to counsel and the court and to send the statements to the court by email for *in camera* inspection and ruling. *Id.*  In the privilege log, B&J claims the statements are privileged under the work-product doctrine because they were prepared in anticipation of litigation.

## II.
### LAW & ANALYSIS

Under Rule 26(b)(3) in the Federal Rules of Civil Procedure: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." The work-product doctrine "insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991).  It protects materials prepared in anticipation of litigation, whether those materials were prepared by the attorney or by agents of the attorney. *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir. 1979).

The doctrine does not protect all materials prepared by a lawyer, or agent of the client.  The doctrine focuses solely on materials assembled and brought into being in anticipation of litigation. *Hercules Liftboat Co., L.L.C. v. Rice*, No. 6:11-cv-02111, 2012 WL 4483557, at *1 (W.D. La. Sept. 26, 2012).  The doctrine does not cover materials assembled in the ordinary course of business. *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).  Additionally, the work-product doctrine "protects only the [attorney's work product] and not the underlying facts." *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982).  The party seeking the protection of the work-product doctrine has the burden of proving that the documents were

prepared in anticipation of litigation. *Hercules Liftboat Co., L.L.C.*, 2012 WL 4483557, at *2 (citing *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 379 n.10 (5th Cir. 2010)).

B&J provided the court with no briefing or argument explaining whether the written statements were prepared mainly because B&J anticipated litigation or because collecting such statements is standard practice after an incident. "Not every document generated by an internal investigation is protected by the work product doctrine 'simply because a company's internal investigation is coexistent with a present or anticipated lawsuit that is the same subject matter of the litigation.'" *Electronic Data Sys. Corp. v. Steingraber*, No. 4:02 CV 225, 2003 WL 21653414, at *5 (E.D. Tex. July 9, 2003) (quoting *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 614 (N.D. Ill. 2000); *Long v. Anderson Univ.*, 204 F.R.D. 129, 136 (S.D. Ind. 2001)). Furthermore, if the statements were prepared in anticipation of litigation, reason suggests that B&J would have acknowledged the statements' existence to opposing counsel during discovery and provided a privilege log. Instead, counsel for B&J admits that B&J took the statements from the crew but did not disclose them or acknowledge their existence when asked about such statements during discovery. B&J has not met its burden to prove that the crew member statements were created in anticipation of litigation.

### III.
#### CONCLUSION

For the foregoing reasons, we find that the written statements of the M/V Zoie's crew members are not privileged and are producible. Given the fact the parties will be holding a status conference with this district court at 1:30 p.m. today, we will forward to Judge Cain the information produced to us yesterday as well as a copy of this ruling. If B&J has no objection to the ruling then it should forward copies of the statements to the other parties immediately. If it does object, then it may raise that objection directly to the district court in conference.

-4-

THUS DONE AND SIGNED in Chambers this 27th day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE